IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| CHRIS HOGAN, | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS |
| Plaintiff, | |
| vs. | |
| UTAH TELECOMMUNICATION OPEN INFRASTRUCTURE AGENCY, AKA UTOPIA, | |
| AND | |
| TODD MARRIOT, EXECUTIVE DIRECTOR OF UTAH TELECOMMUNICATION OPEN INFRASTRUCTURE AGENCY | Case No. 1:11-CV-64 TS |
| AND | |
| DOES 1-5 | |
| Defendants. | |

1

This matter is before the Court on Plaintiff Chris Hogan's Motion to Stay Proceedings[1] and Plaintiff's Rule 54(B) Motion to Revise this Court's Order Granting in Part and Denying in Part Defendants' Motion to Dismiss.[2]  Also before the Court is Plaintiff's Motion to Amend Scheduling Order.[3]  For the reasons discussed more fully below, the Court will deny Plaintiff's Motion to Stay and Motion to Revise.

## I.  BACKGROUND

This action involves the alleged early termination of a contract for services between UTOPIA—an inter-local cooperative entity and political subdivision of the state of Utah—and Plaintiff Chris Hogan.  Plaintiff alleges that the actions taken by Mr. Marriott, who serves as UTOPIA's executive director, violated the agreement between Plaintiff and UTOPIA, Plaintiff's constitutional rights, and Utah state statutes and policy.[4]

This action was not the initial lawsuit between these parties.  Defendants Todd Marriott and UTOPIA (collectively "Defendants") previously filed suit against Plaintiff in Utah state court seeking an injunction and declaratory judgment against Plaintiff Hogan.  The state court declined to grant the injunctive relief Defendants sought in that action.

---

[1]Docket No. 47.

[2]*See* Docket No. 45.

[3]Docket No. 56.

[4]Plaintiff's Amended Complaint centered on a First Amendment free speech claim. Plaintiff alleges that he was retaliated against for discussing potential violations of law by Mr. Marriott with a UTOPIA employee.  The Court has already addressed, and dismissed, Plaintiff's free speech claims.  All that remains of Plaintiff's Amended Complaint are his claims for breach of contract and the breach of the covenant of good faith and fair dealing.

Plaintiff filed his original Complaint in this matter on April 25, 2011.  On May 16, 2011,

Defendants filed a motion to dismiss Plaintiff's Complaint.  In response, Plaintiff filed his

Amended Complaint on May 27, 2011.[5]  On June 10, 2011, Defendants filed a second motion to

dismiss.[6]  Through that Motion, Defendants sought dismissal of Plaintiff's First, Second, Fourth,

and Fifth causes of action.  Plaintiff filed an opposition to Defendants' Motion and a motion to

strike.  The Court heard oral argument on these motions on October 6, 2011.  After consideration

of the parties' briefs and oral argument, the Court entered its Memorandum Decision and Order

Granting in Part and Denying in Part Defendants' Motion to Dismiss and denying Plaintiff's

Motion to Strike (the "Order").[7]  Pursuant to its Order, the Court granted Defendants' Motion to

Dismiss as to Plaintiff's First, Second, Fifth, and Sixth claims, and denied Defendants' Motion as

to Plaintiff's Fourth claim.

In reaction to the Court's Order, Plaintiff filed the instant Motion to Revise.  In his

Motion to Revise, Plaintiff asserts that the Court committed clear error in granting Defendants'

Motion to Dismiss as to Plaintiff's Second and Fifth Claims.  Plaintiff also concurrently filed a

new case in Utah state court seeking a declaratory judgment that, under the common law and

administrative code of Utah, Plaintiff is an "employee" and not an independent contractor.

Subsequent to filing the most recent state court action, Plaintiff filed a Motion to Stay this

case.  Plaintiff seeks the stay of this case pending the resolution of his state court declaratory

---

[5]*See* Docket No. 24.

[6]Docket No. 19.

[7]Docket No. 41.

3

judgment action.  Plaintiff has also filed a Motion to Amend the scheduling order in this case.

Defendants filed a notice of nonopposition to Plaintiff's Motion to Amend.  In a hearing held in

this matter on March 6, 2012, the Court orally granted Plaintiff's Motion to Amend Scheduling

Order.

## II.  DISCUSSION

### A.    MOTION TO STAY

Plaintiff asserts that the Court should stay these proceedings because "[t]he crux of his

motion to reinstate is that under Section 67-21-3 and under Utah's common law, [Plaintiff] was

UTOPIA's employee" and "[t]he purpose of [Plaintiff's] declaratory action is to establish that

under Section 67-21-3 and Utah's common law, [Plaintiff] was UTOPIA's employee."[8]

Therefore, Plaintiff asserts that the parties should not be required to pursue litigation in both

venues regarding the same subject matter.

It is a "well established policy that a court may, in its discretion, defer or abate

proceedings where another suit, involving the identical issues, is pending either in federal or state

court, and it would be duplicative, uneconomical and vexatious to proceed."[9]  The propriety of

such a stay is "largely committed to the 'carefully considered judgment[]' of the district court."[10]

---

[8]Docket No. 48, at 3.

[9]*Blinder, Robinson & Co., Inc., v. U.S.S.E.C.*, 692 F.2d 102, 106 (10th Cir. 1982) (citing
*Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 662-63 (1978)).

[10]*Will*, 437 U.S. at 663 (quoting *Colo. River Water Conservation Dist. v. U.S.*, 424 U.S.
800, 818 (1976)).

In support of his assertion that such a stay is proper, Plaintiff cites to *Utah Home Fire Insurance Co. v. Manning*.[11]  In that case, this Court granted a stay pending the resolution of a state court declaratory action determining whether the plaintiff in that federal case was an "employee" for purposes of the Utah Workers' Compensation Act.  For the following reasons, the Court finds *Manning* to be inapposite to this case.

First, in *Manning*, the state court declaratory judgment action was filed by the defendant in the federal action.  Thus, the plaintiff in *Manning* filed a lawsuit alleging state court claims in a federal forum and, in reaction, the defendant sought to determine that plaintiff's state court rights in state court before proceeding with litigation in the federal forum.  Notably, in the instant action, it is not Defendants who are seeking to file alternative proceedings in state court.

Furthermore, Plaintiff is seeking an impermissible second bite at the proverbial legal apple.  As will be discussed further in consideration of Plaintiff's Motion to Revise the Court's Order, Plaintiff is seeking to remedy his own lack of diligence in prosecuting his case by filing a second action in state court.  Plaintiff now seeks to benefit from hindsight and develop and assert new arguments that were available to him previous to this Court's Order.  The Court is not persuaded that such actions merit a stay.

In sum, the Court finds Plaintiff's grounds for a stay improper.  It is in this Court's discretion to grant a stay where litigation will be duplicative or vexatious.  However, any duplication in this matter is the direct result of Plaintiff's own actions.  Plaintiff's venue

---

[11]985 P.2d 243 (Utah 1999).

shopping in an attempt to nullify this Court's Order will not be encouraged by the grant of a stay in this matter.

**B.      MOTION TO REVISE**

Plaintiff moves this Court under Federal Rule of Civil Procedure 54(b) to revise its Order. Specifically, Plaintiff seeks reinstatement of his Second Cause of Action for violation of Utah Code Ann. § 67-21-3 and his Fifth Cause of Action for wrongful discharge in violation of public policy.

**1.      STANDARD OF REVIEW**

The Tenth Circuit has instructed that "every order short of a final decree is subject to reopening at the discretion of the district judge."[12]  Federal Rule of Civil Procedure 54(b) expressly allows for revision of an interlocutory order before entry of final judgment.  Rule 54(b) provides, in pertinent part that

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

This inherent power to review is informed by the long-standing rule that an issue decided should remain decided.  However, this "rule is a flexible one that allows courts to depart from erroneous prior rulings, as the underlying policy of the rule is one of efficiency, not restraint of

---

[12]*Elephant Butte Irrigation Dist. v. U.S. Dep't of Interior*, 538 F.3d 1299, 1306 (10th Cir. 2008) (internal quotation marks and citation omitted).

judicial power."[13]  "Courts have generally permitted a modification of the law of the case when substantially different, new evidence has been introduced, subsequent, contradictory controlling authority exists, or the original order is clearly erroneous."[14]

      2.      UTAH CODE ANN. § 67-21-3

      Plaintiff asserts two arguments for revision of this Court's Order dismissing his claim under Utah Code Ann. § 67-21-3.  First, Plaintiff asserts that there is no difference between a contract for services and a contract for hire and, thus, the Court improperly found that § 67-21-3 does not apply to independent contractors.  Next, Plaintiff asserts that this Court failed to consider Utah precedent that explains that independent contractors may still be employees under Utah statutes that use "contract for hire" language.

      Plaintiff's first argument is merely a re-hash of the argument he made in his Memorandum in Opposition to Defendants' Motion to Dismiss ("Opposition")[15] and in oral argument before this Court.  Indeed, this was the only argument presented by Plaintiff on this claim in his written brief or in oral argument.  Through this first argument, Plaintiff merely disagrees with this Court's Order and restates his previous argument.

---

    [13]*Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 823 (10th Cir. 2007).

    [14]*Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981) (citing *Furhman v. U.S. Steel Corp.*, 479 F.2d 489, 494 (6th Cir. 1973), *cert. denied*, 414 U.S. 859 (1973)).

    [15]Docket No. 29.

Plaintiff's second argument is that under Utah statutory law and precedent interpreting it Plaintiff is an employee and not an independent contractor.[16]  This is a new argument Plaintiff did not assert in opposition to Defendants' Motion to Dismiss.  In this Motion, Plaintiff dedicates six pages to this argument that was available to him, but not raised, in opposition to Defendants' Motion to Dismiss.  The Court will decline to consider this argument that could have been made previously.

In sum, Plaintiff merely disagrees with the Court's Order, restates his previous arguments, and asserts new arguments that were available to him at the time of the original briefing on this issue.  These do not provide grounds for a motion to reconsider.  Therefore, the Court will deny Plaintiff's Motion to Revise to the extent it seeks reinstatement of his claim under § 67-21-3.

3.      WRONGFUL DISCHARGE

In its Order, the Court dismissed Plaintiff's claim for wrongful discharge based on this Court's precedent in *IOSTAR Corporation v. Stuart.*[17]  While never directly addressing *IOSTAR*, Plaintiff asserts that this Court clearly erred by failing to properly apply Utah law.

---

[16]In his Motion to Revise, Plaintiff also asserts for the first time that he is actually UTOPIA's "employee" under Utah common law.  The Court will similarly decline to consider this argument as one that Plaintiff failed to raise in opposition to Defendants' Motion to Dismiss.

[17]2009 WL 270037 (D. Utah Feb. 3, 2009).

The strongest support for Plaintiff's assertion of clear error is found in the Utah Supreme Court case of *Retherford v. AT&T Communications of the Mountain States, Inc.*[18]  In that case, the Utah Supreme Court considered the following question:

> [W]hen an *employee* has a contractual right to be fired only for just cause and therefore has a breach of contract claim if he or she can demonstrate discharge on some other ground . . . should we allow a common law tort action for discharge in violation of public policy that is based on the same facts that underlie the claim for breach of contract?[19]

In answer to that question, the *Retherford* court held "that the tort of discharge in violation of public policy should be available to all *employees*, regardless of their contractual status."[20]

It is undisputed that *Retherford* did not directly address the issue of whether the tort of wrongful discharge in violation of public policy applied to independent contractors.  In this regard, *Retherford* is readily distinguishable from *IOSTAR*.  Furthermore, Plaintiff has been unable to provide the Court with any Utah law holding that the tort of wrongful discharge applies to independent contractors.  The Court acknowledges that, in part, the reasoning in *IOSTAR* is inconsistent with the reasoning of *Retherford*.  However, the Court is not persuaded that said inconsistency justifies a finding of clear error.

Moreover, the Court notes that *Retherford* was decided 17 years before *IOSTAR*. *Retherford* was plainly available at the time Defendants' Motion to Dismiss was briefed and yet was not cited by either party.  Thus, *Retherford* is not a subsequent, contradictory controlling

---

[18]844 P.2d 949 (Utah 1992).

[19]*Id.* at 959 (emphasis added).

[20]*Id*. at 960 (emphasis added).

authority.[21]  For these reasons, neither Plaintiff's arguments nor the Court's review of its Order convinces the Court that its analysis contains manifest errors of law.[22]  Therefore, the Court will deny Plaintiff's Motion to Revise to the extent it seeks reinstatement of his wrongful discharge claim.

### III.  CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Plaintiff's Motion to Stay Proceedings (Docket No. 47) is DENIED.  It is further

ORDERED that Plaintiff's Rule 54(B) Motion to Revise this Court's Order Granting in Part and Denying in Part Defendants' Motion to Dismiss (Docket No. 45) is DENIED.  It is further

ORDERED that Plaintiff's Motion to Amend Scheduling Order (Docket No. 56) is GRANTED.

DATED   March 8, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[21] *See Major*, 647 F.2d at 112 (citing *Furhman*, 479 F.2d at 494).

[22] *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

10