IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| CHRIS HOGAN,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br>UTAH TELECOMMUNICATION OPEN INFRASTRUCTURE AGENCY, AKA UTOPIA, TODD MARRIOT, EXECUTIVE DIRECTOR OF UTAH TELECOMMUNICATION OPEN INFRASTRUCTURE AGENCY, AND DOES 1-5,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS<br><br><br><br><br><br>Case No. 1:11-CV-64 TS |

This matter is before the Court on Plaintiff Chris Hogan's Motion to Dismiss for Want of Subject Matter Jurisdiction[1] and Defendant Todd Marriott's Motion to Dismiss.[2]  Also before the Court is Plaintiff's Motion to Extend Time to Respond to Defendants' First Set of Discovery

---

[1]Docket No. 62.

[2]Docket No. 64.

Requests.[3]  For the reasons discussed more fully below, the Court will (1) deny Plaintiff's Motion to Dismiss, (2) grant Defendant Marriott's Motion to Dismiss, and (3) grant Plaintiff's Motion for Extension of Time.

## I.  BACKGROUND

This action involves the alleged early termination of an Agreement for Professional Services (the "Agreement") between Utah Telecommunication Open Infrastructure Agency ("UTOPIA")—an inter-local cooperative entity and political subdivision of the state of Utah—and Plaintiff Chris Hogan.  The Defendants, UTOPIA and its executive director Mr. Marriott, are both Utah residents.  Plaintiff is a citizen of the State of Colorado.

 On May 27, 2011, Plaintiff filed an amended complaint containing allegations of breach of contract, infringement of his constitutional rights, and violation of Utah state statutes and policy.  In a Memorandum Decision and Order,[4] this Court dismissed all but Plaintiff's breach of contract and breach of the covenant of good faith and fair dealing claims.

## II.  DISCUSSION

A.      PLAINTIFF'S MOTION TO DISMISS

Plaintiff takes the novel position that this Court is without subject matter jurisdiction to hear his claims.  Plaintiff's argument is that his only remaining claims allege insufficient damages to meet the threshold amount required for diversity jurisdiction and the Court should decline to exercise supplemental jurisdiction over his remaining state law claims.

---

[3]Docket No. 68.

[4]Docket No. 41.

To invoke diversity jurisdiction a Plaintiff must comply with the requirements of 28 U.S.C. § 1332, which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." "In the absence of bad faith or collusion . . . jurisdiction attaches at the moment of the filing of the complaint and the existence of a good defense or a voluntary or involuntary reduction of the amount claimed, or a change in the cause of action, will not defeat jurisdiction previously acquired."[5]  However,

> if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.[6]

Here, Plaintiff's original complaint clearly sought more than $75,000.  Thus, the question before this Court is whether (1) it was apparent to a legal certainty at the time Plaintiff filed his original complaint that Plaintiff could not recover more than $75,000 or (2) that Plaintiff's dismissed claims were fictitious and colorable for the purpose of conferring jurisdiction.

---

[5]*Anderson-Thompson, Inc. v. Logan Grain Co.*, 238 F.2d 598, 601-02 (10th Cir. 1956) (internal citations omitted).

[6]*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (internal citations omitted); *see also Wyo. Ry. Co. v. Herrington*, 163 F.2d 1004, 1006 (10th Cir. 1947) ("It is only where it appears to a legal certainty from the face of the complaint that the plaintiff cannot recover an amount within the jurisdiction of the court, or where it appears from the proof that the plaintiff never was entitled to recover that amount, and that the claim is merely colorable for the purpose of conferring jurisdiction, that a suit of this kind will be dismissed for want of the requisite amount in controversy.").

Plaintiff does not allege that his dismissed claims were fictitious or brought in bad faith merely for the purpose of conferring this Court with jurisdiction.  Furthermore, Plaintiff has not demonstrated that it was apparent to a legal certainty at the time of the filing of his complaint that he could not recover more than the jurisdictional requirement of $75,000.

Plaintiff cites to *Saglioccolo v. Eagle Insurance Co.*[7] for the proposition that the legal certainty standard is met because the Court dismissed Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6).  However, the 12(b)(6) and legal certainty standards are not synonymous.[8]  The court's holding in *Saglioccolo* is also easily distinguished, as that court specifically found that "it was clear from the face of the pleadings, to a legal certainty that the plaintiff [could not] recover the amount claimed."[9]  In this matter, Plaintiff's constitutional and state statutory claims were insufficiently plead to maintain a claim for relief.  However, it was not a legal certainty from the face of the original complaint that Plaintiff would be unable to recover greater than the jurisdictional threshold of $75,000.

The Court also notes that Plaintiff has failed to demonstrate to a legal certainty that he will not be able to recover more than the jurisdictional threshold on his remaining claims.

---

[7] 112 F.3d 226 (6th Cir. 1997).

[8] *See Woodmen of World Life Ins. Soc'y. v. Manganaro*, 342 F.3d 1213, 1216-17 (10th Cir. 2003) (holding that "[t]he legal certainty standard is very strict" and noting that "[c]ertainty is defined as: 'absence of doubt; accuracy; precision; definite.  The quality of being specific, accurate, and distinct.'" (quoting Black's Law Dictionary 225 (6th ed. 1990))), *compare with Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991) ("The court's function on a Rule 12(b)(6) motion is . . . to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.").

[9] *Saglioccolo*, 112 F.3d at 233 (internal quotations marks and citation omitted).

Plaintiff asserts that the most he can recover on his remaining claims is $26,640 for UTOPIA's breach and $40,000 in attorney's fees, for a total of $66,640. "Generally," however, "dismissal under the legal certainty standard will be warranted only when a contract limits the possible recovery" or "when the law limits the amount recoverable."[10]  Such is not the case here. Plaintiff's mere assertion does not establish to a legal certainty that the finder of fact will not award more than the jurisdictional amount in damages and attorney's fees.

For the foregoing reasons, the Court finds that Plaintiff alleged sufficient damages to meet the threshold amount required for diversity jurisdiction.  Because this case is properly before the Court on the basis of diversity jurisdiction, Plaintiff's arguments as to supplemental jurisdiction will not be addressed.

B.      DEFENDANT MARRIOTT'S MOTION TO DISMISS

Defendant Marriott moves the Court under Federal Rule of Civil Procedure 12(b)(6) to dismiss him from this action.  Plaintiff has not opposed Defendant Marriott's Motion.

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[11]  Plaintiff must provide "enough facts to state a claim to relief that is

---

[10]*Woodmen*, 342 F.3d at 1217 (citing 14B Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction § 3702, at 98-101 (3d ed. 1998)).

[11] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

plausible on its face,"[12] which requires "more than an unadorned, the-defendant-unlawfully harmed-me accusation."[13]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[14]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[15]  As the *Iqbal* Court stated, "only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief."[16]

When considering the adequacy of a plaintiff's allegations in a complaint subject to a motion to dismiss, a district court not only considers the complaint, but also "documents incorporated into the complaint by reference, and matters of which a court may take judicial

---

[12] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[13] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

[14] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[15] *Miller*, 948 F.2d at 1565.

[16] *Iqbal*, 129 S. Ct. at 1949-50 (alteration in original) (internal quotation marks and citations omitted).

notice."[17]  Thus, "notwithstanding the usual rule that a court should consider no evidence beyond

the pleadings on a Rule 12(b)(6) motion to dismiss, '[a] district court may consider documents

referred to in the complaint if the documents are central to the plaintiff's claim and the parties do

not dispute the documents' authenticity.'"[18]

Here, Plaintiff's remaining claims relate to the alleged breach of the Agreement between

Plaintiff and UTOPIA.  A copy of the Agreement was attached to and incorporated in Plaintiff's

Amended Complaint and has been considered by the Court for purposes of this Motion.  It is

undisputed that Defendant Marriott is not a party to the Agreement.  Furthermore, Plaintiff has

not alleged any grounds for Defendant Marriott to be held jointly liable with UTOPIA under the

Agreement.  As such, Plaintiff has failed to state a claim for relief against Defendant Marriott

and the Court will therefore grant Defendant Marriott's Motion to Dismiss.

C.      DISCOVERY

Plaintiff requests that the Court extend the time for him to respond to Defendant's First

Set of Discovery Requests.  Defendants have filed a notice of non-opposition to Plaintiff's

Motion to Extend Time.  In its Memorandum Decision entered March 8, 2012, the Court granted

Plaintiff's previously filed motion to amend scheduling order.  Instead of filing an amended

scheduling order, Plaintiff filed the instant Motion to Dismiss.  Because the Court will deny

---

[17] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B WRIGHT & MILLER § 1357 (3d ed. 2004 and Supp. 2007)).

[18] *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

Plaintiff's Motion to Dismiss, it will grant Plaintiff's Motion to Extend Time and allow the parties an opportunity to file an amended scheduling order.

## III.  CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Plaintiff's Motion to Dismiss for Want of Subject Matter Jurisdiction (Docket No. 62) is DENIED.  It is further

ORDERED that Defendant Marriott's Motion to Dismiss (Docket No. 64) is GRANTED. It is further

ORDERED that Plaintiff's Motion to Extend Time to Respond to Defendants' First Set of Discovery Requests (Docket No. 68) is GRANTED.  Plaintiff must file his response to Defendants' First Set of Discovery Requests within fourteen (14) days of this Order.  The parties are further instructed to file a proposed amended scheduling order within fourteen (14) days of this Order.

DATED   July 6, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge