IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

|  |  |
|---|---|
| CHRIS HOGAN,<br><br>        **Plaintiff,**<br><br>v.<br><br>UTAH TELECOMMUNICATION<br>OPEN INFRASTRUCTURE AGENCY<br>aka UTOPIA, TODD MARRIOTT, AND<br>DOES 1-5,<br><br>        **Defendants.** | **MEMORANDUM DECISION AND<br>ORDER**<br><br><br>**Case No. 1:11cv64**<br><br><br><br>**Chief District Judge Ted Stewart**<br><br>**Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by Chief District Judge Ted Stewart pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is Chris Hogan's ("Plaintiff") motion for an order deeming Plaintiff's sixth request for admission admitted.[2]  The court has carefully reviewed the memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice ("local rules"), the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

---

[1] *See* docket no. 77.

[2] *See* docket no. 84.

On July 27, 2012, Plaintiff served discovery requests on Utah Telecommunication Open Infrastructure Agency and Todd Marriott (collectively, "Defendants"), including six requests for admission.  Defendants responded to the first five requests for admission in both their original discovery response, as well as their amended response.  In both documents, Defendants failed to deny, object to, or even acknowledge Plaintiff's sixth request for admission.  On January 15, 2013, Plaintiff filed the instant motion.

Plaintiff urges this court to deem his sixth request for admission admitted because Defendants failed to respond to the request in a timely manner.  *See* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter."). Defendants contend that the error was inadvertent and that they did not discover the omission until Plaintiff filed the instant motion.  Defendants note that the court could summarily deny Plaintiff's motion as Plaintiff's counsel failed to meet and confer prior to filing the motion, as required by the local rules.  *See* DUCivR 37-1(a).  Plaintiff counters that the meet and confer requirement is inapplicable because (1) a request for admission is admitted automatically unless a party denies it or objects to it within thirty days and (2) the instant motion is not a "motion to compell [sic]."[3]

The court is not persuaded by Plaintiff's assertion.  The rule specifically states that

> [u]nless otherwise ordered, the court will not entertain *any discovery motion* . . . unless counsel for the moving party files with the court, at the time of filing the motion, a statement showing that

---

[3] Docket no. 86 at 2.

> the attorney making the motion has made a reasonable effort to
> reach agreement with opposing attorneys on the matters set forth in
> the motion.

DUCivR 37-1(a) (emphasis added).  It does not limit the meet and confer requirement to only

motions to compel discovery; the rule is applicable to all discovery-related motions.  Thus, the

court could deny Plaintiff's motion on this basis alone.  Nevertheless, the court will address

Plaintiff's motion on the merits.

Rule 36(b) of the Federal Rules of Civil Procedure provides that a "court may permit

withdrawal or amendment [of a response to a request for admission] if it would promote the

presentation of the merits of the action and if the court is not persuaded that it would prejudice

the requesting party in maintaining or defending the action on the merits."  Fed. R. Civ. P. 36(b).

Plaintiff argues that the presentation of the merits would not be aided by allowing Defendants to

amend their response to Plaintiff's sixth request for admission because, as written, it accurately

reflects the facts of the case.  Plaintiff's sixth request for admission states the following:  "Admit

that you locked [Plaintiff] out of your offices and systems immediately after he declined to sign a

termination agreement with you on March 17, 2011."[4]  However, Defendants' proposed response

states that while they acknowledge that they changed the locks and passwords after March 17,

they deny that the change was the result of Plaintiff's refusal to sign the termination agreement.

Plaintiff's admission appears to infer that Defendants acted based on Plaintiff's refusal to

execute the agreement, and Defendants' proposed response attempts to clarify that assumption.

---

[4] Docket no. 84 at 4.

The distinction is small but important.  Accordingly, the court concludes that allowing

Defendants' proposed amendment would promote a more complete presentation of the merits.

Furthermore, Plaintiff has not alleged that he will suffer any prejudice if the court allows

the proposed amendment.  Plaintiff's memoranda focus on the fact that Defendants failed to

timely respond to the request for admission, rather than any prejudice he may endure from

allowing Defendants' response.  "The prejudice contemplated by Rule 36(b) . . . relates to the

difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses,

because of the sudden need to obtain evidence with respect to the questions previously deemed

admitted." *Raiser v. Utah County*, 409 F.3d 1243, 1246 (10th Cir. 2005) (quotations and citation

omitted).  Thus, the court concludes that Plaintiff has failed to demonstrate that he would be

prejudiced in any way by allowing the proposed amendment.

Based on the foregoing, Plaintiff's motion to deem admitted his sixth request for

admission is **DENIED**.  Defendants' proposed amended response is hereby permitted.

**IT IS SO ORDERED.**

DATED this 1st day of March, 2013.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

4