IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| CHRIS HOGAN,<br><br>　　　Plaintiff,<br><br><br><br>　　　vs.<br><br><br><br>UTAH TELECOMMUNICATION OPEN INFRASTRUCTURE AGENCY, AKA UTOPIA, TODD MARRIOT, EXECUTIVE DIRECTOR OF UTAH TELECOMMUNICATION OPEN INFRASTRUCTURE AGENCY, AND DOES 1–5,<br><br>　　　Defendants. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR ORDER TO SHOW CAUSE<br><br><br><br><br><br>Case No. 1:11-CV-64 TS |

　　　This matter is before the Court on Plaintiff Chris Hogan's Motion for Order to Show Cause.[1]  Defendant Utah Telecommunication Open Infrastructure Agency ("UTOPIA") filed an opposition to Plaintiff's Motion on behalf of all Defendants.  For the reasons discussed more fully below, the Court will deny Plaintiff's Motion without prejudice.

---

[1]Docket No. 116.

1

I.  BACKGROUND

Plaintiff brought this action on April 25, 2011, seeking to recover for alleged violations of his Constitutional rights, breach of contract, and various violations of state law.  Plaintiff named UTOPIA and its Executive Director Todd Marriott as Defendants.  The case culminated in Plaintiff being awarded $23,000 on his claim for breach of contract and breach of the covenant of good faith and fair dealing.  The Court denied relief on Plaintiff's remaining causes of action.  On April 17, 2013, the Clerk of Court entered judgment in favor of Plaintiff and against Defendants in the amount of $23,000.

Shortly thereafter, on May 2, 2013, Plaintiff appealed various orders of the Court that denied relief on his remaining causes of action.[2]  On May 6, 2013, Defendants filed a cross appeal, specifically appealing the Court's decision awarding Plaintiff $23,000.  The parties' appeals are currently pending before the Tenth Circuit Court of Appeals.

II.  DISCUSSION

Plaintiff moves the Court to enter an order requiring the Defendants to show cause why it should not be held in contempt of Court for failing to satisfy the $23,000 judgment.  Defendants contend that because Plaintiff has appealed the judgment at issue, this Court is divested of jurisdiction to enforce the award.  Defendants further argue that even were the Court to find that it has jurisdiction, an order to show cause is not merited in this case.

---

[2]Docket No. 105.

"[F]iling notice of appeal generally divests the district court of jurisdiction over the issues on appeal."[3]  However, "the district court retains jurisdiction over 'collateral matters not involved in the appeal.'"[4]  The Tenth Circuit has not addressed the issue of whether a prevailing party's appeal of a judgment in its favor "operate[s] as an automatic supersedeas, obviating the need for the losing party to file a bond when it files its own appeal."[5]  In light of the Court's continued jurisdiction over matters not involved in the appeal, it stands to reason, however, that "[a] prevailing party's appeal suspends the enforcement of a judgment only when the theory of the appeal is inconsistent with enforcement in the interim."[6]  Thus, any part of the judgment not appealed would be a "collateral issue" over which the Court would maintain jurisdiction.

Plaintiff argues that the enforcement of the $23,000 judgment is a collateral matter not subject to his appeal because Plaintiff did not appeal the Court's orders as they relate to his breach of contract claims.  However, many of Plaintiff's claims on appeal require a contrary construction of the case than that under which Plaintiff prevailed.  Thus, were Plaintiff to prevail on his claims on appeal, it may call into question the award on his breach of contract claims.

---

[3]*Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998) (citation omitted).

[4]*Id.* (quoting *Garcia v. Burlington N. R.R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987)).

[5]11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2905 (3d ed. 2013) (citing *TVA v. Atlas Mach. & Iron Works, Inc.*, 803 F.2d 794, 797 (4th Cir. 1986), and *Sealover v. Carey Canada*, 806 F. Supp. 59, 61–62 (M.D. Pa. 1992) ("Generally, a litigant is precluded from accepting all or a substantial part of the benefit of a judgment, while simultaneously challenging unfavorable aspects of that judgment on appeal.")).

[6]*Trustmark Ins. Co. v. Gallucci*, 193 F.3d 558, 559 (1st Cir. 1993) (quoting *BASF Corp. v. Old World Trading Corp.*, 979 F.2d 615, 617 (7th Cir. 1992)).

Because the results Plaintiff seeks on appeal are inconsistent with his attempt to enforce the judgment, the Court finds that Plaintiff's appeal acted to stay the Court's order, pending resolution of the appeal.

### III.  CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Plaintiff's Motion for Order to Show Cause (Docket No. 116) is DENIED WITHOUT PREJUDICE.

DATED   October 3, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge